IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MUHAMMAD,

        Plaintiff,

v.                                            Case No. 3:05-cv-91
                                               (Judge Broadwater)

FEDERAL CORRECTIONAL INSTITUTION -
GILMER, FEDERAL BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE, UNITES STATES
OF AMERICA, C. HAMNER, and K. LAMBRIGHT,

        Defendants.

## REPORT AND RECOMMENDATION

On August 18, 2005, plaintiff initiated this case by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, <u>et</u> <u>seq</u>. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq.</u>, and 28 U.S.C.§§ 1915(e) and 1915A.

## I. The Complaint

In the Complaint, plaintiff alleges that Dr. Doris Williams, in her capacity as a medical doctor employed at the Gilmer Federal Correctional Institution, in Glenville, West Virginia (FCI-Gilmer), stopped plaintiff's HIV medications from July 8, 2004 through March of 2005. Additionally, plaintiff alleges that defendant Hamner, aided by defendant Lambright, stopped plaintiff's HIV medications on May 15, 16 and 17, 2005.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant

to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

A. FTCA Claims

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

Under West Virginia law, certain requirements must be met before a health care provider

---

[1] Id. at 327.

may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va.2004). Because there is nothing in the complaint which reveals that the plaintiff has met the requirements of W.Va. Code §55-7B-6, the undersigned recommends that the plaintiff's FTCA claim be dismissed without prejudice.

B. Bivens Claims

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment "cruel

and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate

4

and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

Based on the facts now before the Court, the undersigned believes it is premature to determine that defendants Hamner and Lambright did not act with deliberate indifference to plaintiffs' serious medical needs by stopping his HIV medications in May of 2005 and that those defendants should be ordered to respond to the complaint.[2]

## IV. Recommendation

For the reasons set forth in this Order, it is recommended that plaintiff's FTCA claim be DISMISSED without prejudice. However, the undersigned recommends that plaintiff's Bivens claim NOT be dismissed and defendants C. Hamner, and K. Lambright be SERVED with a copy of the complaint and be directed to respond to the allegations made against them. Additionally, because the only remaining claim is a Bivens claim, the undersigned recommends that FCI-Gilmer, the BOP, the Department of Justice and the United States be DISMISSED as defendants in this case. See Bivens, supra, (authorizing suits against *individual federal employees* in their

---

[2] To the extent that plaintiff alleges that Dr. Williams was deliberately indifferent to his serious medical needs by stopping his HIV medication from July 2004 through March 2005, that issue is already being addressed in case number 1:05-cv-6.

*individual capacities*) (emphasis added); see also F.D.I.C. v. Meyer, 510 U.S. 471 (1994) (Bivens claims cannot be brought against the United States or its agencies).

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[3]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

Dated: February 22, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).