**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KAREEM MUHAMMAD,**

        **Plaintiff,**

**v.**                                                                              **Civil Action No. 3:05cv91**

**GILMER FEDERAL CORRECTIONAL
INSTITUTION, BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE, C. HAMNER
AND K. LAMBRIGHT,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff initiated this case by filing a civil rights complaint against the above-named defendants under the Federal Tort Claims Act and <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). On June 30, 2006, Plaintiff's FTCA claims were dismissed against the above-named federal agencies. <u>See</u> dckt. 18. In that same Order, the Clerk was directed to serve Plaintiff's <u>Bivens</u> claims on the individually named federal defendants. Defendants C. Hamner and K. Lambright were served by United States Marshal on July 12, 2006.

On July 24, 2006, after reviewing the file, the undersigned discovered that the summonses were improperly issued[1] and that the United States Attorney and the Attorney General of the United States were not served. Therefore, the undersigned issued an "Order Correcting Response Time and Directing Further Service." <u>See</u> dckt. 23. In that Order, the Clerk was directed to serve a copy of

---

[1] On the summonses, the defendants, who are federal employees, were given only 20 days to file an answer. However, pursuant to Fed.R.Civ.P. 12(a)(3)(A) and (B), federal employees are entitled to 60 days in which to answer a complaint.

a summons and the complaint on the United States Attorney and the Attorney General of the United States. In addition, the defendants were directed to file an answer to the complaint within 60 days from the date the United States Attorney was served. See Fed.R.Civ.P. 12(a)(3)(B). On August 7, 2006, service was returned executed on the United States Attorney's Office (dckt. 30), however, the return receipt was not dated. Therefore, at the latest, service was effected upon the United States Attorney's Office by August 6, 2006. However, it is more likely that service was effected on or about July 31, 2006, the date on which the Attorney General of the United States was served.

On September 22, 2006, the Defendants filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment. Pursuant to the law of this circuit, Plaintiff was sent a Roseboro Notice on September 25, 2006. As of the date of this Order, Plaintiff has not filed a response to the Defendants' motion. Instead, this case is before the Court on Plaintiff's Motion for Default Judgment. In the motion, Plaintiff asserts that he is entitled to a default judgment because the Defendants failed to file a timely response to the complaint.

As noted previously, the date on which service was perfected upon the United States Attorney's Office is not clear. The date of service appears to fall sometime between July 31, 2006 and August 6, 2006. Therefore, a timely response was due between September 29, 2006 and October 5, 2006. By either date, the response filed on September 22, 2006 is timely and Plaintiff is not entitled to a default judgment. Therefore, the undersigned recommends that the Plaintiff's Motion for Default Judgment (dckt. 38) be DENIED.

Within ten (10) days after being served with a copy of this opinion/recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any

objections shall also be submitted to the District Judge. Failure to timely file objections to this recommendation will result in a waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: December 20, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE