IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

KAREEM MUHAMMAD,

        Plaintiff,

v.

        CIVIL ACTION NO. 3:05-CV-91
        (BAILEY)

GILMER FEDERAL CORRECTIONAL
INSTITUTION, BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE, C. HAMNER
AND K. LAMBRIGHT,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.   Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Kaull filed his R & R on December 20, 2006 [Doc. 39]. In that filing, the magistrate judge recommended that this Court deny the plaintiff's Motion for Default Judgment [Doc. 38].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due by January 5, 2007, within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The plaintiff timely filed his Objections [Doc. 41] on January 8, 2007. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the parties objected. The remaining portions of the report and recommendation to which no objections have been filed will be reviewed for clear error.

## II. Factual and Procedural Background

The plaintiff initiated this case by filing a civil rights complaint against the above-named defendants under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On June 30, 2006, the plaintiff's FTCA claims were dismissed against the above-named federal agencies [Doc. 18]. In that same Order, the Clerk was directed to serve the plaintiff's *Bivens* claims on the individually named federal defendants. The defendants C. Hamner and K. Lambright were served by United States Marshal on July 12, 2006.

On July 24, 2006, the magistrate judge discovered that the summonses were improperly issued and that the United States Attorney and the Attorney General of the United States were not served. Therefore, the magistrate Court issued an "Order Correcting Response Time and Directing Further Service" [Doc. 23]. In that Order, the Clerk was directed to serve a copy of a summons and the Complaint on the United States Attorney and the Attorney General of the United States. In addition, the defendants were

directed to file an answer to the Complaint within sixty (60) days from the date the United States Attorney was served. See Fed.R.Civ.P. 12(a)(3)(B). On August 7, 2006, service was returned executed on the United States Attorney's Office [Doc. 30], however, the return receipt was not dated. Therefore, at the latest, service was effected upon the United States Attorney's Office by August 6, 2006. However, it is more likely that service was effected on or about July 31, 2006, the date on which the Attorney General of the United States was served.

On September 22, 2006, the defendants filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment [Doc. 33]. Pursuant to the law of this circuit, the plaintiff was sent a *Roseboro* Notice on September 25, 2006 [Doc. 34]. As of the date of this Order, the plaintiff has not filed a response to the defendants' motion. The plaintiff has alerted the Court that he never received such notice, which will be re-sent per this Order. Instead, this case is before the Court on Plaintiff's Motion for Default Judgment [Doc. 38]. In the motion, the plaintiff asserts that he is entitled to a default judgment because the defendants failed to file a timely response to the Complaint.

As previously noted, the date on which service was perfected upon the United States Attorney's Office is not clear. The date of service appears to fall sometime between July 31, 2006 and August 6, 2006. Therefore, a timely response was due between September 29, 2006 and October 5, 2006. By either date, the response filed on September 22, 2006 is timely, and the plaintiff is not entitled to a default judgment.

### III.  Conclusion

It is the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 39] should be, and is, hereby **ORDERED ADOPTED.**

Accordingly, the Court hereby **DENIES** the plaintiff's Motion for Default Judgment [Doc. 38].

The Clerk is directed to mail true copies of this Order to all counsel of record and the *pro se* petitioner. The Clerk is further directed to send a copy of the September 25, 2006, *Roseboro* Notice [Doc. 34] to the *pro se* plaintiff.

**DATED:** July 2, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE