**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**KAREEM MUHAMMAD,**

        **Plaintiff,**

**v.**                                   **Civil Action No. 3:05cv91**
                                             **(Judge Bailey)**

**GILMER FEDERAL CORRECTIONAL**
**INSTITUTION, BUREAU OF PRISONS,**
**DEPARTMENT OF JUSTICE, C. HAMNER**
**AND K. LAMBRIGHT,**

        **Defendants.**


## ORDER DENYING MOTION FOR EXTENSION OF TIME

The *pro se* plaintiff initiated this civil rights action on August 18, 2005.  On February 23, 2006, the undersigned issued a Report and Recommendation in which it was recommended that the complaint be dismissed as to Gilmer Federal Correctional Institution, the Bureau of Prisons and the Department of Justice.  It was further recommended, that the plaintiff's claims against C. Hamner ("Hamner") and K. Lambright ("Lambright") be served upon those defendants.  That opinion was adopted by the District Judge on June 30, 2006.

On September 22, 2006, Hamner and Lambright filed a Motion to Dismiss or, Alternatively, Motion for Summary Judgment.  Because the plaintiff is proceeding *pro se*, the court issued a Roseboro Notice on September 25, 2006, in which the plaintiff was advised of his right to file material responsive to the defendants' motion.  Instead of filing a response to the motion, however, the plaintiff filed a Motion for Default Judgment.

On December 20, 2006, the undersigned issued a second R&R in this case, in which it was recommended that the plaintiff's motion for default judgment be denied.  In that opinion, the

undersigned outlined the procedural history of the case, including a notation that a <u>Roseboro</u> Notice

had been sent to the plaintiff on September 25, 2006.  In his subsequent objections to that R&R, the

petitioner asserted that he never received a copy of the court's <u>Roseboro</u> Notice.

On July 2, 2007, the Honorable John Preston Bailey, United States District Judge, overruled

the plaintiff's objections to the second R&R and denied the plaintiff's motion for default judgment.

In addition, Judge Bailey directed the Clerk to resend the plaintiff a copy of the <u>Roseboro</u> Notice.

In light of this action, the undersigned has *sua sponte* refrained from issuing an R&R on the

defendant's summary judgment until an additional thirty days has passed.[1]  Those thirty days are set

to expire on August 2, 2007.

This case is now before the Court on the plaintiff's Motion for a Brief Extension of Time to

File Opposition to the Defendants' Motion to Dismiss or for Summary Judgment.  In the motion,

the plaintiff asserts that he is a layman in the law and must rely on the assistance of a "jailhouse

lawyer" in preparing documents for the court.  The plaintiff further notes that the "genius" of the

defendants' dispositive motion is the failure to exhaust administrative remedies.  The plaintiff then

asserts that he just recently obtained the assistance of an inmate familiar with the requirements of

the civil rules and the exhaustion of administrative remedies.  Therefore, the plaintiff requests an

extension of time, up to and including September 15, 2007, in which to file a response to the

defendants' motion.

The defendants' motion was filed in this case nearly one year ago.  The plaintiff has had

sufficient time to file an appropriate response.  Even accepting that the plaintiff never received the

Court's first <u>Roseboro</u> Notice, the Court has, of its own accord, granted the plaintiff an additional

---

[1] The <u>Roseboro</u> Notice gives the plaintiff thirty days to respond to the defendants' motion.

thirty days to file an appropriate response. Moreover, whether or not the plaintiff has exhausted his administrative remedies is not a complex issue which would require extensive research or legal work. Thus, the plaintiff has failed to show good cause for an additional 45 day extension of time.

Accordingly, the plaintiff's motion for the specific extension of time requested (dckt. 49) is DENIED. However, in light of the fact that the plaintiff is not likely to receive this Order until such time as his current deadline is set to expire, the plaintiff shall have an additional ten days, or up to and including **August 12, 2007**, to file his response to Defendant's Motion for Summary Judgment and the therein alleged failure of Plaintiff to exhaust his administrative remedies.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner.

DATED: July 27, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE