IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MUHAMMAD,

        Plaintiff,

v.                                                       Civil Action No. 3:05cv91
                                                         (Judge Bailey)

FEDERAL CORRECTIONAL INSTITUTION
GILMER, FEDERAL BUREAU OF PRISONS,
DEPT. OF JUSTICE, UNITED STATES OF
AMERICA, C. HAMNER, K. LAMBRIGHT,

        Defendants.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil rights action by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq., on August 18, 2005. In the complaint, the plaintiff asserts that the defendants stopped his HIV medication from July 8, 2004 through March of 2005, and May 15-17, 2005.

On February 23, 2006, the undersigned conducted a preliminary review of the file and made the following recommendations:

(1) the plaintiff's FTCA claims be dismissed because he failed to meet the requirements of W.Va. Code § 55-7B-6;

(2) the plaintiff's Bivens claims against the Gilmer Federal Correctional Institution, the Federal Bureau of Prisons, the Department of Justice, and the United States be dismissed;

(3) the plaintiff's Bivens claims against defendant Williams be dismissed because those claims were being addressed in another case; and

(4) the plaintiff's Bivens claims against defendants Hamner and Lambright be served by United States Marshal.

That recommendation was adopted by the District Judge on June 30, 2006. As a result, defendants Hamner and Lambright filed a Motion to Dismiss or, Alternatively, Motion for Summary Judgment on September 22, 2006. In the motion, the defendants[1] assert the plaintiff's case should be dismissed for the failure to fully exhaust administrative remedies.

The plaintiff filed a reply to the defendants' motion on August 9, 2007. In his reply, the plaintiff opposes the defendants motion on the basis that prison officials prevented him from properly exhausting his administrative remedies.

**Standard of Review**

A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

---

[1] "The defendants" refers solely to the remaining defendants, Hamner and Lambright.

B.  <u>Motion for Summary Judgment</u>

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c).  In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. <u>Celotex</u> at 323.  Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."  <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The nonmoving party must present specific facts showing the existence of a genuine issue for trial. <u>Id.</u> This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Anderson</u> at  256.  The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment.  <u>Id.</u> at 248.  Summary judgment is proper only "[w]here  the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  <u>Matsushita</u>, at 587 (citation omitted).

3

**Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although the exhaustion of administrative remedies should generally be raised by the defendant as an affirmative defense, Jones v. Bock, 127 S.Ct. 910, ___ U.S. ___ (2007), the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005).

The Bureau of Prisons ("BOP") makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the

---

[2] Id.

inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

However, it has been recognized that a prison's administrative remedies can be rendered "unavailable" for purposes of exhaustion when officials refuse to provide an inmate with required grievance forms. See Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (vacating a grant of summary judgment on exhaustion grounds where the defendants failed to supply any reason for the plaintiff being refused the necessary forms); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (finding district court erred by not addressing plaintiffs' claims that prison officials failed to provide him with appropriate grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (exhaustion requirement may be satisfied where prisoner raises allegation that prison officials failed to provide him with necessary grievance forms).

## Analysis

Here, it is undisputed that the plaintiff filed an institutional grievance on June 24, 2005. Defendants' Ex. 1 (dckt. 33-3) (hereinafter "Ex. 1") at Att. 1. The Warden denied the plaintiff's grievance on July 8, 2005. Id. at Att. 2. The plaintiff asserts that he then attempted to obtain the proper forms for filing an appeal to the Regional Office, but that prison officials "insisted" that he resubmit his claims at the institutional level instead. Reply (dckt. 52) at 5.[3] Therefore, rather than file an appeal, the plaintiff contends he resubmitted his claims at the institutional level as instructed

---

[3] The plaintiff has also submitted an affidavit to support his claim that prison officials prevented him from fully exhausting his administrative remedies. Reply at Ex. 2.

5

by prison officials.  Id.  Upon resubmission, the plaintiff's claims were neither granted nor denied. Ex. 1 at Att. 4.  Instead, the Warden found that the plaintiff's claims were repetitive and had already been addressed.  Id.  Therefore, the plaintiff was given an informational response only.  Id.

Afterward, the plaintiff asserts that he again requested the appropriate appeal forms through proper channels.  Reply at 6.  However, the plaintiff asserts that he never received the forms.  Id. The plaintiff further contends that he later submitted an additional request for the same forms, but that his request was denied.  Id.  Finally, the plaintiff asserts that he spoke directly to the Warden about obtaining the appropriate forms and that he was told by the Warden that the matter would be investigated.  Id.  Because he heard nothing further, the plaintiff asserts that he then initiated this case.  Id.

Although the plaintiff concedes that his administrative remedies are not exhausted, he has also raised a credible claim that his ability to properly exhaust his administrative remedies was hindered by prison officials.  Being that there is nothing in the record at this time to dispute that claim, the defendants' motion to dismiss should be denied.

## **Recommendation**

For the foregoing reasons, the undersigned recommends that the defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (dckt. 33) be **DENIED without prejudice** and the defendants be **DIRECTED** to file a further response, including a response on the merits of the plaintiff's claims.[4]

Within ten (10) days after being served with a copy of this recommendation, any party may

---

[4] The denial without prejudice of the defendant's motion does not prohibit them from reasserting their exhaustion argument in a supplemental response; provided, of course, that the defendants supply additional information to rebut the plaintiff's contention that the action of prison officials prevented him from properly completing exhaustion.

file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 13, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE