# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KAREEM MUHAMMAD,**

    Plaintiff,

v.                                       **CIVIL ACTION NO. 3:05-CV-91**
                                                (BAILEY)

**GILMER FEDERAL CORRECTIONAL
INSTITUTION, BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE, C. HAMNER
AND K. LAMBRIGHT,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Kaull filed his R & R on August 13, 2007 [Doc. 53]. In that filing, the magistrate judge recommended that this Court deny the defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment [Doc. 33].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R & R were due by August 27, 2007, within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  To date, neither parties have filed objections. Accordingly, this Court will review the report and recommendation for clear error.

## II. Factual and Procedural Background

The plaintiff initiated this case by filing a civil rights complaint against the above-named defendants under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  On June 30, 2006, the plaintiff's FTCA claims were dismissed against the above-named federal agencies [Doc. 18].  In that same Order, the Clerk was directed to serve the plaintiff's *Bivens* claims on the individually named federal defendants.  The defendants C. Hamner and K. Lambright were served by United States Marshal on July 12, 2006.

On July 24, 2006, the magistrate judge discovered that the summonses were improperly issued and that the United States Attorney and the Attorney General of the United States were not served.  Therefore, the magistrate Court issued an "Order Correcting Response Time and Directing Further Service" [Doc. 23].  In that Order, the Clerk was directed to serve a copy of a summons and the Complaint on the United States Attorney and the Attorney General of the United States.  In addition, the defendants were directed to file an answer to the Complaint within sixty (60) days from the date the United States Attorney was served.  *See* Fed.R.Civ.P. 12(a)(3)(B).  On August 7, 2006, service

was returned executed on the United States Attorney's Office [Doc. 30], however, the return receipt was not dated. Therefore, at the latest, service was effected upon the United States Attorney's Office by August 6, 2006. However, it is more likely that service was effected on or about July 31, 2006, the date on which the Attorney General of the United States was served.

On September 22, 2006, the defendants filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment [Doc. 33]. Pursuant to the law of this circuit, the plaintiff was sent a **Roseboro** Notice on September 25, 2006 [Doc. 34]. The plaintiff has alerted the Court that he never received such notice, which was to be re-sent per the Order Adopting the Report and Recommendations [Doc. 48]. The case was before the Court on Plaintiff's Motion for Default Judgment [Doc. 38] in that Order. In the motion, the plaintiff asserted that he is entitled to a default judgment because the defendants failed to file a timely response to the Complaint. That Motion was denied as the response filed on September 22, 2006 was timely, and the plaintiff was not entitled to a default judgment.

Pending before this Court now is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment [Doc. 33] filed September 22, 2006. In the motion, the defendants assert that the plaintiff's case should be dismissed for the failure to fully exhaust administrative remedies. The plaintiff filed a reply to the defendants' motion on August 9, 2007, in which he opposes the defendants' motion on the basis that prison officials prevented him from exhausting his administrative remedies.

### III. Analysis

The petitioner filed his institutional grievance on June 24, 2005. The Warden denied the plaintiff's grievance on July 8, 2005. The plaintiff asserts that he then attempted to

obtain the proper forms for filing an appeal to the Regional Office, but that prison officials "insisted" that he resubmit his claims at the institutional level instead. Therefore, rather than file an appeal, the plaintiff contends he resubmitted his claims at the institutional level as instructed by prison officials. Upon resubmission, the plaintiff's claims were neither granted nor denied. Instead, the Warden found that the plaintiff's claims were repetitive and had already been addressed. Therefore, the plaintiff was given an informational response only.

Afterward, the plaintiff asserts that he again requested the appropriate appeal forms through proper channels. However, the plaintiff asserts that he never received the forms. The plaintiff further contends that he later submitted an additional request for the same forms, but that his request was denied. Finally, the plaintiff asserts that he spoke directly to the Warden about obtaining the appropriate forms and that he was told by the Warden that the matter would be investigated. Because he heard nothing further, the plaintiff asserts that he then initiated this case.

Although the plaintiff concedes that his administrative remedies are not exhausted, he has also raised a credible claim that his ability to properly exhaust his administrative remedies was hindered by prison officials. Being that there is nothing in the record at this time to dispute that claim, the defendants' motion to dismiss should be denied.

### IV.  Conclusion

For reasons more fully stated in the magistrate judge's R & R, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 53] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the Court hereby **DENIES without prejudice** the defendant's Motion to Dismiss or, Alternatively, for Summary Judgment [Doc.

33]. Additionally, the defendants are hereby **DIRECTED** to file a further response, including a response on the merits of the plaintiff's claims.

It is so **ORDERED**.

The Clerk is directed to mail true copies of this Order to all counsel of record and the *pro se* petitioner.

**DATED:** September 25, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE