# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MUHAMMAD,

      Plaintiff,

v.                                                                  Civil Action No. 3:05cv91
                                                                             (Judge Bailey)

C. HAMNER, K. LAMBRIGHT,

      Defendants.

## OPINION/REPORT AND RECOMMENDATION

### I.   Factual and Procedural History

The *pro se* plaintiff initiated this civil rights action on August 18, 2005. In the complaint, the plaintiff alleged violations of his constitutional rights against the Federal Correctional Institution - Gilmer ("FCI-Gilmer"), the Federal Bureau of Prison ("BOP"), the Department of Justice ("DOJ"), Dr. Doris Williams, C. Hamner and K. Lambright, pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In addition, the plaintiff alleged a claim against the United States under the Federal Tort Claims Act (FTCA).

On February 23, 2006, the undersigned conducted a preliminary review of the file and recommended that the plaintiff's FTCA claim against the United States and his Bivens claim against the FCI-Gilmer, the BOP, the DOJ, and Dr. Williams be dismissed. However, the undersigned also recommended that the plaintiff's Bivens claim against C. Hamner and K. Lambright be served by the United States Marshal Service and those defendants be required to file an answer. Because neither party filed objections, the Report and Recommendation (R&R) was adopted in its entirety on June 30, 2006.

On September 22, 2006, after service of the summons and complaint, defendants Hamner and Lambright filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment based on the plaintiff's alleged failure to fully exhaust administrative remedies. On August 13, 2007, the undersigned issued a R&R which recommended denying the defendants' motion to dismiss because a genuine issue of material fact remained with regard to whether the plaintiff's ability to fully exhaust his administrative remedies was hindered by prison officials. More specifically, the R&R found that the plaintiff had raised a claim that his ability to properly exhaust his administrative remedies was hindered by prison officials and that there was nothing in the record at that time to dispute the plaintiff's claim. However, the R&R also specifically noted that the dismissal should be without prejudice to the defendants' right to reassert its exhaustion argument in its supplemental response; provided that the defendants were able to supply additional information to rebut the plaintiff's contention that prison officials prevented him from properly exhausting his claims. The R&R was adopted in its entirety on September 25, 2007, and the defendants were directed to file a further response.

On October 25, 2007, the defendants filed a second Motion to Dismiss, or Alternatively, Motion for Summary Judgment. As a result, a <u>Roseboro</u> Notice issued on October 31, 2007.

The plaintiff filed a response to the defendants' motion on December 5, 2007.

The defendants filed replies to the plaintiff's response on December 14, 2007 and December 18, 2007.

On December 14, 2007, the plaintiff filed a motion to amend his complaint.

This case is before the undersigned for a report and recommendation on the defendants' second motion to dismiss and the plaintiff's motion to amend.

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff asserts that defendants Hamner and Lambright were deliberately indifferent to his serious medical needs when they stopped his HIV medications for three days in May of 2005.

### B. The Defendants' Motion

In response to the complaint, the defendants assert that the plaintiff is not entitled to relief for the following reasons:

(1) the plaintiff failed to fully exhaust his administrative remedies;

(2) the plaintiff has failed to establish a claim for supervisor liability;

(3) the plaintiff cannot establish a claim for deliberate indifference to his medical condition;

(4) the defendants are entitled to qualified immunity; and

(5) the plaintiff's claims against the defendants in their official capacities are barred by sovereign immunity.

### C. The Plaintiff's Opposition to the Defendants' Motion

In his response to the defendants' motion, the plaintiff provides additional details in support of his claim. Specifically, the plaintiff asserts that he suffers from HIV, a serious disease that if left untreated, can cause a patient's absolute CD4 count to decline, and cause a patient's viral load to increase, making the patient more susceptible to other diseases and viruses. Response (dckt. 70) at 4. The plaintiff further asserts that on March 29, 2005, he was started on a new HIV medication regimen. Id. at 4-5. On May 15, 2005, he was placed in the Special Housing Unit ("SHU"). The plaintiff asserts that his stay in the SHU lasted for 72 hours, or three days, May 15-17. Id. at 5.

During this time, the plaintiff asserts that he was not provided any of the medications associated with his new HIV medication regimen. Id.

On May 18, 2005, after his release from the SHU, the plaintiff asserts that he attended sick call complaining of diarrhea, stomach pains, vomiting and headaches. Id. On or about May 20, 2005, the plaintiff was seen by Dr. Anderson where he again complained of nausea, vomiting, diarrhea and headaches. Id.

The plaintiff asserts that he attempted to exhaust his administrative remedies with regard to the denial of his HIV medications. Id. On or about June 24, 2005, the plaintiff filed a formal request for administrative remedy with the Warden. Id. The plaintiff's request was denied on July 8, 2005. On or about July 11, 2005, the plaintiff filed a second request with the Warden in which he asked to resubmit his claim regarding the denial of HIV medication. Id. In response, the plaintiff received an "informational response" which stated that the plaintiff's request was repetitive and had already been addressed. Id. at 5-6.

In opposition to the defendants' motion, the plaintiff asserts the following arguments:

(1) the defendants waived the exhaustion defense by failing to file timely objections to the R&R;

(2) a genuine issue of material fact still exists as to whether prison officials prevented the plaintiff from properly exhausting his administrative remedies;

(3) the plaintiff has clearly established a claim of supervisor liability against defendant Lambright to the extent that she was directly responsible for supervising medical activities and medical staff secured in the SHU;

(4) the plaintiff has established the existence of a constitutional violation as it relates to his

claim that he was denied his newly prescribed HIV medication regimen while housed in the SHU from May 15-17, 2005; and

 (5) the defendants are not entitled to qualified immunity.

Additionally, the plaintiff acknowledges that the defendants cannot be sued in their official capacities under Bivens. Thus, to the extent that the plaintiff is making any official capacity claims, it appears he has conceded those claims. However, the plaintiff re-empathizes the fact that his claims against the defendants in their individual capacities still stand.

### D. **The Defendants' Replies**

On December 14, 2007, the defendants filed their first reply to the plaintiff's opposition to their motion. In this reply, the defendants assert that the plaintiff's argument with regard to waiver of exhaustion is frivolous. The defendants note that the dismissal of their motion to dismiss was without prejudice, and in fact, the Court specifically noted, and indeed expected, the defendants to re-file their exhaustion argument. Thus, the defendants argue that the exhaustion defense was clearly not waived by their failure to object to the first R&R, and has been properly raised.

Moreover, the defendants assert that regardless of whom the plaintiff now alleges failed to provide him with administrative remedy forms, the uncontroverted evidence shows that had the plaintiff requested administrative remedy forms, he would have received them. In addition, the defendants assert that the plaintiff's "self-serving affidavit" is not sufficient to overcome the burden of summary judgment. Finally, the defendants point out that the plaintiff's administrative remedy record belies the notion that staff fails to provide administrative remedy forms.

Next, the defendants assert that the plaintiff's claims with regard to his actual time in the SHU are refuted by the BOP's official records. Moreover, even accounting for the additional time

5

for which the plaintiff argues, the defendants assert that the plaintiff's entire time in the SHU would only minimally increase.

The defendants also assert that the plaintiff's claim that they have submitted false evidence is unsubstantiated and self-serving. The defendants also assert that it is unreasonable to believe that the even if apprised of the plaintiff's HIV condition prior to his being placed in the SHU, staff would have specifically remembered the plaintiff's medical history while providing medical care to more than 1800 other inmates. The defendants then assert that the plaintiff attacks the expert opinion of Dr. McLain, although his qualifications and experience were clearly outlined in his affidavit.

Finally, the defendants assert that, for the sake of brevity, they have not responded to each and every allegation made in the plaintiff's opposition to their motion. Instead, they rely on their argument in their memorandum in support of their motion to refute the remainder of the plaintiff's claims.

On December 18, 2007, the defendants filed a supplemental reply to the plaintiff's opposition to their motion. In the supplemental reply, the defendants file additional BOP records to support their claim that the plaintiff's stay in the SHU did not last as long as the plaintiff alleges. Specifically, the defendants filed a Lieutenant's Daily Log, which allegedly supports the SENTRY documents presented with their Memorandum. The defendants assert that these records show that the plaintiff's stay in the SHU was less than 48 hours, at best.

**E.     The Plaintiff's Motion to Amend**

On December 14, 2007, the plaintiff filed a Motion for Leave to Amend the Complaint. In the motion, the plaintiff asserts that since arriving at the United States Penitentiary in Atlanta, Georgia, he has received additional help with his case. Pursuant to that help, he seeks leave to

amend his supervisory liability claims against defendant Lambright. In addition, the plaintiff asserts that he has been advised that his request for damages is excessive and should be drastically reduced. Third, the petitioner asserts that in their second motion to dismiss, the defendants argue that defendant Hamner was not even on duty for a portion of the time that the plaintiff alleges she denied him HIV medications, or that even if she was on duty, she was not the one responsible for distributing the plaintiff's medications. Therefore, the plaintiff seeks permission to add Jane and John Doe defendants, and to engage in limited discovery to ascertain the names of the persons on duty the days he was denied his HIV medication or who might have been responsible for distributing his medications.

### III. Standards of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

A.  **Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief,

---

[1] Id.

the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

However, it has been recognized that a prison's administrative remedies can be rendered "unavailable" for purposes of exhaustion when officials refuse to provide an inmate with required grievance forms. See Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (vacating a grant of summary judgment on exhaustion grounds where the defendants failed to supply any reason for the plaintiff being refused the necessary forms); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (finding district court erred by not addressing plaintiffs' claims that prison officials failed to provide him with appropriate grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (exhaustion requirement may be satisfied where prisoner raises allegations that prison officials failed to provide him with the necessary grievance forms).

Here, it is undisputed that the plaintiff failed to properly exhaust his administrative remedies. However, the plaintiff contends that such failure is a result of his being denied the appropriate forms by prison staff. Nonetheless, the defendants assert that the plaintiff's claim that prison officials prevented him from exhausting lacks credibility. In support of their claim, the defendants note that the plaintiff claims he sought administrative remedy forms from his female unit counselor and that she denied the plaintiff access to such forms. Memorandum (dckt. 64) at 6. The defendants note, however, that the plaintiff was never assigned a female counselor, and that the caseload to which plaintiff was assigned, B-3, has never had a female counselor. Id. at Ex. 2 (Declaration of David McAdams) and Att. A (SENTRY printout). Moreover, the plaintiff's current counselor, Counselor Connelly, has filed a declaration in which he states that he has never denied any inmate an

administrative remedy form. See id. at Ex. 3 (Declaration of Joseph Connelly).

However, the defendants' recognize that the plaintiff was assigned a female case manager. Id. at 6. Nonetheless, the defendants assert that case managers are not responsible for distributing administrative remedy forms. Id. In addition, the defendants assert that had the plaintiff requested administrative remedy forms from his female case manager, she would have directed him to a counselor. Id. at Ex. 4 (Declaration of April O'Dell). The defendants also assert that the plaintiff could have alternately asked his unit manager, Mr. McAdams for an administrative remedy form. Id. at 6. Mr. McAdams, does not recall plaintiff doing so. Id. at Ex. 2. Mr. McAdams has provided a declaration in which he states that had the plaintiff requested administrative remedy forms, those forms would have been provided. Id. Despite the plaintiff's claims that he was denied grievances, the defendants note that the plaintiff was able to file the initial form without incident, and several other grievance forms shortly after the initiation of this case. Id. at 7. Because summary judgment requires a high standard of proof, the defendants assert that the plaintiff must put forth more than bald allegations to support his claims. Id. Instead, the defendants argue that the plaintiff must show specific facts and evidence to support his claim. Id. The defendants assert that the plaintiff has not provided any concrete evidence which would overcome the evidence submitted by the defendants. Id. at 8. Therefore, the defendants argue that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law based on the plaintiff's failure to exhaust administrative remedies. Id.

In opposition to the defendants motion, the plaintiff first asserts that the defendants have waived the exhaustion argument by failing to file objections to the prior R&R. This claim is clearly meritless, however, as the Court specifically allowed for, and reserved the defendants' right to make

an exhaustion argument in their supplemental pleadings.

Alternately, the plaintiff asserts that the defendants exhaustion argument is misleading and distorts the truth. For example, the plaintiff asserts that Joseph Connelly was not his counselor at the time the plaintiff initiated the grievance procedure regarding his missed HIV medications in May of 2005. Instead, the plaintiff asserts that during that time, there was no counselor in the B-3 Unit and April O'Dell ("O'Dell") acted as the case manager and unit counselor at that time. As such, the plaintiff asserts that O'Dell was responsible for distributing administrative remedy forms. The plaintiff further asserts that the fact that he previously omitted O'Dell's name from the pleadings, "spells nothing."

Next, the plaintiff asserts that David McAdams ("McAdams") declaration is false, in that McAdams never had an "open-door" policy for inmates to make grievance requests. In support of this position, the plaintiff provides affidavits from other inmates which explain various accounts of the staff's general "anti-grievance" attitudes.

Finally, the plaintiff asserts that his ability or inability to file grievances in unrelated matters is of no consequence because a new unit counselor had been hired at that time, and he no longer had to rely on O'Dell or McAdams to provide grievance forms. The plaintiff speculates that had he been required to request the subsequent forms from O'Dell or McAdams, they would have also been denied. Thus, the plaintiff asserts that a genuine issue of material fact remains as to whether or not staff hindered his ability to exhaust and seeks the denial of the defendants' motion be denied.

In their motion, the defendants have provided sworn declarations and official records of the Bureau of Prisons which show that the plaintiff did not exhaust his administrative remedies. In addition, those same documents show that the plaintiff never had a female unit counselor, nor had

12

one ever been assigned to the B-3 unit. Through those same documents, the defendants further establish that the plaintiff never requested appeal forms from the appropriate persons and that if he had, those documents would have been provided to him. Thus, the defendants' motion establishes their initial burden under Fed.R.Civ.P. 56(c) of demonstrating the absence of a genuine issue of material fact.

Therefore, as previously explained, in order to survive the defendants' motion for summary judgment, the plaintiff must set forth facts showing there is a genuine issue for trial. To carry this burden, the plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citing DeLuca v. Atlantic Refining Co., 176 F.2d 421, 423 (2d Cir. 1949)). This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250.

In this case, the plaintiff has merely filed his own self-serving affidavit to support his claim that BOP staff failed to provide him administrative remedy requests. Also, the plaintiff provides affidavits from other inmates which purport to show a "general anti-grievance" attitude among staff. However, a general anti-grievance attitude does not establish that staff purposely denies inmate requests for grievances, nor is an affidavit by another inmate which supports the plaintiff's claim of an anti-grievance attitude, probative of the issue in this case. In this instance, the plaintiff must provide probative evidence to show that he was denied administrative remedies for this specific claim and that the failure to provide such forms prevented him from exhausting, which the plaintiff

has not done.  The plaintiff provides no evidence whatsoever that he ever requested the forms. Moreover, the defendants have established that even had O'Dell refused to provide the plaintiff the forms, providing the forms was not in the normal course of her work and that the plaintiff had other means of obtaining the forms.  The plaintiff merely failed to follow through on his other options.

Moreover, the fact that the plaintiff was able to initiate the grievance procedure at all shows that even assuming an "anti-grievance" attitude existed, the plaintiff was able to obtain the appropriate forms.  In addition, the fact that the plaintiff was able to obtain forms and grieve other issues, is probative of whether staff's attitude interfered with the plaintiff's ability to exhaust administrative remedies.  Thus, the plaintiff has not carried his burden under Rule 56(c), and the defendants' motion for summary judgment for the failure to exhaust should be granted.

## V.  Recommendation

For the reasons stated herein, the undersigned recommends that the defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment (dckt. 59) be **GRANTED** for the plaintiff's failure to properly exhaust administrative remedies.  Accordingly, the undersigned recommends that the complaint be **DISMISSED with prejudice**.[2]  In light of this finding, the undersigned further recommends that the plaintiff's Motion to Amend (dckt. 71) be **DENIED as moot.**

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely

---

[2] The plaintiff would now be time-barred from pursuing this issue in the BOP's administrative remedy program.  See 28 C.F.R. § 542.10, et seq.  Thus, a dismissal with prejudice is proper.

14

file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: May 20, 2008.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE