IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KAREEM MUHAMMAD,**

    **Plaintiff,**

v.                                                    **Civil Action No. 3:05CV91**
                                                             **(BAILEY)**

**C. HAMNER, and K. LAMBRIGHT,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 79), dated May 20, 2008, and the plaintiff's corresponding objections (Doc. 81), filed on June 2, 2008. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the defendant objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the option of the Court that the **Magistrate Judge's Report and**

**Recommendation (Doc. 79)** should be, and is, **ORDERED ADOPTED**.

II. <u>Factual and Procedural Background</u>

On August 18, 2005, plaintiff filed his complaint alleging violations of his constitutional rights by Federal Correctional Institution-Gilmer ("FCI-Gilmer"), the Federal Bureau of Prisons (BOP), the Department of Justice (DOJ), Dr. Doris Williams, C. Hamner, and K. Lambright pursuant to **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). In addition, plaintiff's complaint also contained a claim against the United States under the Federal Tort Claims Act (FTCA). Thereafter, the case was referred to United States Magistrate Judge John S. Kaull for preliminary review. As a result, on July 2, 2007, the Court entered an Order Adopting the Report and Recommendation of the Magistrate Judge (Doc. 50). Pursuant to that Order, the Court dismissed plaintiff's **Bivens** claims against FCI-Gilmer, the BOP, the DOJ, and Dr. Williams. However, the Order also provided that plaintiff's **Bivens** claims be served on defendants C. Hamner and K. Lambright.

On August 13, 2007, the Magistrate Judge issued his Report and Recommendation on Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 53), which was adopted by Order of the Court on September 25, 2007 (Doc. 56). As indicated in the Court's Order (Doc. 56), a genuine issue of material fact existed with regard to whether prison officials hindered plaintiff's attempts to fully exhaust his available administrative remedies. Consequently, the Court denied defendant's motion without prejudice and indicated that the defendants were free to reassert their exhaustion argument, with the benefit of additional information controverting plaintiff's contention that

prison officials hindered his attempts to avail himself of the administrative process, in a supplemental motion.

As a result of the above, the defendants filed their Second Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 59) on October 9, 2007. In support, the defendants argue that plaintiff failed to properly exhaust his available administrative remedies, failed to establish a claim for supervisor liability, and failed to make out a claim for deliberate indifference to his medical condition. In addition, defendants contend that they enjoy qualified immunity, and further that, the doctrine of sovereign immunity bars plaintiff's claims against them in their official capacity.

Following the filing of the defendants' Second Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 59), a **Roseboro** Notice issued. Thereafter, plaintiff filed his Response (Doc. 70) providing additional details to supplement his claims. As indicated in the Response (Doc. 70), plaintiff maintains that shortly after beginning a new medication regime for his HIV/AIDS, prison officials placed him in the Special Housing Unit (SHU) for a period of three days. Further, plaintiff maintains that during his stay in SHU, prison officials failed to provide him with his HIV/AIDS medication. Consequently, the plaintiff attended sick call complaining of diarrhea, stomach pains, vomiting, and headaches. Shortly thereafter, plaintiff sought treatment from Dr. Anderson, again complaining of nausea, vomiting, diarrhea and headaches. As a result of his alleged treatment, the plaintiff filed a formal request for administrative remedy with the Warden, which was denied on July 8, 2005. Subsequently, plaintiff filed a second formal request for administrative remedy on July 11, 2005, which was denied as being repetitive.

In regard to the arguments contained in the defendants' Second Motion to Dismiss,

or Alternatively, Motion for Summary Judgment (Doc. 59), the plaintiff contends that defendants waived their administrative exhaustion argument by failing to timely object to the Magistrate Judge's Report and Recommendation (Doc. 53). Moreover, plaintiff contends that a genuine issue of material fact still exists with regard to whether prison officials impeded his attempts to properly exhaust available administrative remedies. In particular, plaintiff contends that April O'Dell, a female Case Manager who plaintiff claims acted as interim Unit Counselor, denied him appeal forms and deterred him by threat from pursuing his appeal. In addition, plaintiff asserts that he has properly maintained a claim for supervisor liability against defendant Lambright, as she bore the responsibility for the medical activities and the medical staff in the SHU. Furthermore, plaintiff alleges that he has in fact properly established the existence of a constitutional violation in relation to the withholding of his HIV/AIDS medication while in the SHU. As a final matter, the plaintiff avers that defendants are not entitled to qualified immunity, and further that, while **Bivens** does not provide for suits against the defendants in their individual capacities, the defendants are nevertheless liable.

Upon consideration, the Magistrate Judge found that the plaintiff had indeed failed to properly exhaust his administrative remedies. As a result, the Magistrate Judge recommends that defendant's Second Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc 59) be granted, and also that, the plaintiff's complaint be denied and dismissed with prejudice. In response, the plaintiff objects that, contrary to the assertion of the Magistrate Judge, Mr. Connelly is not the plaintiff's current Unit Counselor. In addition, plaintiff objects to the Magistrate Judge's findings that plaintiff never had a female Unit Counselor and that appropriate persons would have provided plaintiff with the

appeal forms had he asked. Moreover, plaintiff takes issue with the Magistrate Judge's conclusion that plaintiff's affidavits from other inmates, indicating that FCI-Gilmer had a general "anti-grievance attitude," do not bare specifically on plaintiff's claims. As a final matter, the plaintiff objects to the Magistrate Judge's finding that plaintiff's ability to initiate other grievance procedures undermines his contention that he was refused the proper forms.

III.   Legal Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c)**; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine

issue for trial.  **Fed. R. Civ. P. 56(c)**; **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  **Anderson**, 477 U.S. at 249 (citations omitted).

As properly noted by the Magistrate Judge, the Prison Litigation Reform Act (PLRA) requires that a prisoner must first exhaust available administrative remedies prior to bringing an action regarding conditions of confinement.  42 U.S.C. §§ 1997(e)-(a); **Booth v. Churner**, 532 U.S. 731, 741 (2001).  This exhaustion requirement extends to federal actions brought under **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971).  **Porter v. Nussle**, 534 U.S.516, 524 (2002).  Moreover, the failure to properly exhaust available administrative remedies may result in procedural default.  **See Woodford v. Ngo,** 548 U.S. 81 (2006) (recognizing that the PLRA provisions contain a procedural default component).  Nevertheless, an inmate's failure to exhaust available administrative remedies may be excused where prison officials refuse to provide the required grievance forms.  **See Dale v. Lappin**, 376 F.3d 652, 656 (7th Cir. 2004) (vacating a grant of summary judgment on exhaustion grounds where the defendants failed to supply any reason for the plaintiff being refused the necessary forms).

The administrative remedy process governing inmate challenges to conditions of confinement is outlined in 28 C.F.R. §§ 542.10, *et seq.*  As indicated in § 542.13(a), an inmate must informally present his complaint to staff prior to filing a request for administrative remedy.  *Id.*  If the inmate is unsatisfied with the results of the informal process, he may then submit a formal written complaint to the warden, which can be appealed to the Regional Director.  *Id.*  To the extent that the inmate is unsatisfied with the

response of the Regional Director, the decision can then be appealed to the Office of General Counsel. *Id.*

IV. Discussion

In evaluating plaintiff's first objection, the Court finds that the plaintiff is correct in his contention that Mr. Connelly is no longer his current Unit Counselor. To be sure, the Court notes that in light of his recent transfer to the United States Penitentiary in Atlanta, Georgia, Mr. Connelly is no longer assigned as the plaintiff's Unit Counselor. However, this fact does not effect the validity of the Magistrate Judge's reasoning, which was not made to depend upon the identity of the individual currently serving as the plaintiff's Counselor.

Similarly, plaintiff's second objection, arguing that defendants' exhibits do not support the findings of the Report and Recommendation, is misplaced. In this regard, plaintiff contends that defendants' exhibits do not show that he did not have a female Corrections Counselor and that, if requested, the appropriate forms would have been provided. While plaintiff continues to maintain that Case Manager April O'Dell, who was not named as a defendant in this action and who was not identified by name until the filing of the plaintiff's Response to the Second Motion to Dismiss, or Alternatively, Motion for Summary Judgment, deterred him by from pursuing his appeal, the Court agrees with the Magistrate Judge. As noted in the Report and Recommendation, defendants' supporting affidavits clearly establish that the plaintiff never had a female Unit Counselor, that the Unit Counselor would have been the appropriate person to dispense the appeal forms, and that had the plaintiff requested, he would have received the proper appeal form from his Unit Counselor. As such, the Court now finds that the defendants have met their initial burden under Fed. R. Civ. P. 56(b).

Concerning plaintiff's third objection, the Court finds that plaintiff has failed to meet his burden in overcoming the defendants' properly supported motion for summary judgement. As noted by the Magistrate Judge, plaintiff's own self-serving affidavit containing mere allegation falls short of setting forth "specific facts showing that there is a genuine issue for trial." **Anderson**, 477 U.S. at 256. Likewise, plaintiff's supporting affidavits from other inmates conveying a "general anti-grievance attitude" among staff at FCI-Gilmer does not bear specifically on plaintiff's claims. Despite assertions to the contrary, the plaintiff has failed to rebut the defendants' showing that the appropriate forms where available upon request. A thorough review of the record makes clear that the plaintiff has failed to come forth with probative evidence demonstrating a need for trial.

Lastly, plaintiff's final objection must also fail. That objection takes issue with the inference drawn by the Magistrate Judge from plaintiff's ability to initiate other grievance procedures and to attempt to reinitiate the same grievance during the time in question. Upon consideration, the Court finds that the plaintiff's ability to obtain new forms to attempt to resubmit his claim only three days after its denial of his claim is probative on the absence of improper actions on the part of the staff. While the plaintiff is free to argue that such inference is absurd, this Court simply disagrees.

V.  Other Pending Matters

On December 14, 2007, following the filing of his Response to the defendants' Second Motion to Dismiss, or Alternatively, Motion for Summary Judgment, the plaintiff filed a Motion for Leave to Amend (Doc. 71). In support, the plaintiff contends that amendment is needed in order to revise his claim for supervisor liability, to reduce his requested damages, to add individuals responsible for distributing medications in the SHU, and to

revise his complaint generally. However, in light of the above, the plaintiff's **Motion for Leave to Amend (Doc. 71)** is hereby **DENIED as MOOT.**

VI.  Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Doc. 79)** is **ADOPTED**;

2. That the defendants' **Second Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 59)** is **GRANTED**;

3. That **Motion for Leave to Amend (Doc. 71)** is **DENIED as MOOT**; and

4. That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* plaintiff.

**Dated**: June 4, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE